UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

L.A., a legally incapacitated Minor, by
and through his Mother and Next Friend         Civil No. 21-12050
KIERSTEN REESER, KIERSTEN
RESSER, individually, JEREMY                   Hon. Robert H. Cleland
ARMSTRONG, Individually,                       Mag. Judge David R. Grand

       Plaintiffs,

   v.

UNITED STATES OF AMERICA, and
W.A. FOOTE MEMORIAL HOSPITAL
a/k/a HENRY FORD ALLEGIANCE
HEALTH and CHARLES EDWARD
ROLLISON, D.O., and RONALD
NICHOLS, M.D., and ALMA GARLO,
M.D.

       Defendants.
_____/

## UNITED STATES' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

The United States of America, by and through its attorneys Saima S.

Mohsin, Acting United States Attorney for the Eastern District of Michigan, Zak

Toomey, Assistant U.S. Attorney, and Chris Doyle, Assistant U.S. Attorney,

answers the complaint as follows:

## GENERAL ALLEGATIONS

1.      The allegations in Paragraph 1 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendant United States denies the allegations in Paragraph 1.

2.      Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the allegations in Paragraph 2.

3.      Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the allegations in Paragraph 3.

4.      Admit.

5.      Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the allegations in Paragraph 5.

6.      Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendant United States denies the allegations in Paragraph 7.

8.    Paragraph 8 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 8.

9.    Admit.

10.    Paragraph 10 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 10.

11.    Paragraph 11 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 11.

12.    Paragraph 12 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 12.

13.    Paragraph 13 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 13.

14.    Paragraph 14 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 14.

15.     Paragraph 15 relates to another defendant, and, as such, Defendant

United States lacks knowledge or information sufficient to form a belief about the

truth of the allegation and, therefore, denies the allegations in Paragraph 15.

16.     Admit.

17.     Defendant United States denies that Dr. Kingsley treated Plaintiff

Kiersten Reeser at Foote Memorial Hospital a/k/a Henry Ford Allegiance Health.

Defendant admits the remaining allegations in Paragraph 17.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Defendant United States admits that the Center for Family Health and

its employees Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D.,

are deemed to be federal employees under the Federally Supported Health Centers

Assistance Act, 42 U.S.C. § 233(k), and, as such, are eligible for Federal Tort

Claims Act ("FTCA") coverage with regard to allegations of medical malpractice.

Defendant United States further admits that Dr. Kingsley, Dr. Virgo, and Dr. Hill

treated Plaintiff Reeser within the course and scope of their employment with the

Center for Family Health and are deemed to be employees of the Public Health

Service of Defendant United States. Defendant United States denies it is subject to

the common law doctrine of vicarious liability and avers that the Federal Tort

Claims Act is the exclusive source of relief for persons allegedly injured by a

federal employee acting within the course and scope of such employment.

Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant United States admits that the care of Plaintiff Reeser and

L.A. took place within this judicial district but denies that such care was negligent.

24.     Answering paragraph 24, Defendant admits that the U.S. Department

of Health and Human Services ("DHHS") received three administrative tort claims,

one for each of the three named Plaintiffs, on November 30, 2020, which the

Plaintiffs subsequently amended on December 17, 2020. DHHS denied the

administrative claims on August 17, 2021.

25.     The allegations in Paragraph 25 consist of legal conclusions to which

no response is required.  To the extent any response is required, Defendant United

States denies the allegations in Paragraph 25.

26.     Defendant United States denies that Plaintiffs are entitled to damages

in excess of $75,000. Defendant United States admits that Plaintiffs seek damages

in excess of that amount in this case.

27.     Paragraph 27 relates to another defendant, and, as such, Defendant

United States lacks knowledge or information sufficient to form a belief about the

truth of the allegation and, therefore, denies the allegations in Paragraph 27.

28.     Paragraph 28 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 28.

29.     Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 30.

31.     Paragraph 31 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 31.

32.     Paragraph 32 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 32.

33.     Defendant United States admits that the Center for Family Health and its employees Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D., were acting within the course and scope of their deemed federal employment with a federally-funded community health clinic when treating Plaintiff Reeser and L.A. Defendant United States denies the remaining allegations.

6

34.     Defendant United States admits that Dana Virgo, M.D., and Monica Hill, M.D., provided care to Defendant Reeser when she was at the Hospital. Defendant denies that Joanne Kingsley, M.D., provided care to Plaintiff Reeser at the hospital and denies that the other listed providers were employees or agents of the Center for Family Health or the United States. Defendant denies the remaining allegations in Paragraph 34.

35.     Defendant admits that the Center for Family Health and its employees Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D., formed provider-patient relationships with Plaintiff Reeser with any attendant legal duties that arise out of same. Defendant United States denies that the United States can be held liable for the actions of any other listed providers. Defendant United States denies that the theory of respondeat superior applies to the federal government under the FTCA. The United States denies the remaining allegations in Paragraph 35.

36.     Defendant United States answers that Plaintiff Reeser had risk factors of hypertension and obesity during her pregnancy and that routine fetal non-stress testing of Baby L.A. was performed starting at 32 weeks, most of which were noted to be reactive. Defendant United States denies the remaining allegations in Paragraph 36.

37.     Defendant United States answers that Dr. Kristie Keeton, a maternal-fetal medicine specialist, recommended that Plaintiff Reeser to deliver at 38 to 39 weeks if her blood pressure remained controlled without medication. Defendant United States denies the remaining allegations in Paragraph 37.

38.     Admit.

39.     Admit.

40.     Defendant United States admits that on June 5, 2019, Plaintiff Reeser saw Dr. Alma Garlo and that on June 7, 2019, Plaintiff Reeser saw Dr. Joanne Kingsley. Defendant United States denies the standard of care required induction on those two dates and answers that induction had been previously scheduled for June 10, 2019, at 39w2d gestation by her primary obstetrician, within the period of 38 to 39 weeks recommended by Dr. Keeton.

41.     Admit.

42.     Admit.

43.     Deny.

44.     Upon information and belief, Defendant United States admits.

45.     Upon information and belief, Defendant United States admits.

46.     Defendant United States admits that Paragraph 46 partially quotes the findings noted in the history and physical documented by Dr. Virgo. Defendant

United States denies that Paragraph 46 contains the entire record of Plaintiff Reeser's visit on that date.

47.     Paragraph 47 quotes from a medical record written by a nurse that was not employed or controlled by the United States. Defendant United States admits that Paragraph 47 quotes a portion of Plaintiffs' medical records. Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 and, therefore, denies those allegations.

48.     Paragraph 48 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 48.

49.     Paragraph 49 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations in Paragraph 49.

50.     Paragraph 50 quotes from a medical record written by a nurse that was not employed or controlled by the United States. Defendant United States admits that Paragraph 50 quotes a portion of Plaintiffs' medical records. Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 and, therefore, denies those allegations.

51.     Paragraph 51 quotes from a medical record written by a nurse that was not employed or controlled by the United States. Defendant United States admits that Paragraph 51 quotes a portion of Plaintiffs' medical records. Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and, therefore, denies those allegations.

52.     Paragraph 52 quotes from a medical record written by a nurse that was not employed or controlled by the United States. Defendant United States admits that Paragraph 52 quotes a portion of Plaintiffs' medical records. Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52 and, therefore, denies those allegations.

53.     Paragraph 53 quotes from a medical record written by a nurse that was not employed or controlled by the United States. Defendant United States admits that Paragraph 53 quotes a portion of Plaintiffs' medical records. Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53 and, therefore, denies those allegations.

54.     Paragraph 54 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations in Paragraph 54.

55.     Paragraph 55 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations in Paragraph 55.

56.     Paragraph 56 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations in Paragraph 56.

57.     Paragraph 57 relates to the actions of a non-party for whom Defendant United States is not responsible, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations in Paragraph 57.

58.     Defendant United States admits that Paragraph 58 partially quotes from a record authored by Dr. Hill.

59.     Defendant United States admits that records indicate L.A. was born at 9:07am at approximately 39w4d gestation and weighed 3780g. Defendant United States lacks information to determine L.A.'s head circumference at birth at this time and, therefore, denies the allegation.

60.     Defendant United States admits that records indicate that L.A.'s Apgar scores were 2, 2, 2, 3. Defendant United States is not aware of a record

11

describing L.A. as "depressed, flaccid, apneic, bradycardic, with no spontaneous respirations, and with no reflexes" and, therefore, denies those allegations.

61.     Defendant United States admits that records indicate that L.A. required resuscitation including tactile stimulation, positive pressure ventilation, and intubation.  Defendant denies that the records characterize L.A.'s resuscitation as "aggressive."

62.     Defendant admits that records show cord pH 6.8, HCO3 17.5, and base excess -24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62. Defendant United States denies that these readings are "reflective of significant metabolic acidosis."

63.     Admit.

64.     Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies the allegations in Paragraph 64.

65.     Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies the allegations in Paragraph 65.

66.     Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies the allegations in Paragraph 66.

67.     Defendant United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies the allegations in Paragraph 67.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

## COUNT I
## Medical Negligence – Defendant USA

75.     In Paragraph 75, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 75. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 75.

76.    Answering paragraph 76, Defendant denies as stated and avers that the Center for Family Health and its employees Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D., are deemed to be employees of the Public Health Service of DHHS eligible for FTCA coverage and provided medical services within Jackson County, Michigan.

77.    Defendant United States admits that the Center for Family Health and its employees Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D., undertook the treatment of Reeser and her unborn infant. Defendant denies the remaining allegations in Paragraph 77 and denies that it can be held liable for the actions of the other listed providers.

78.    Defendant United States admits that the Center for Family Health's employees, Joanne Kingsley, M.D., Dana Virgo, M.D., and Monica Hill, M.D., had formed provider-patient relationships with Plaintiff Reeser. Defendant United States denies the remaining allegations in Paragraph 78.

79.    Deny.

80.    Deny.

81.    Deny.

82.    Deny.

83.    Deny.

84.    Deny.

14

85.    Deny.

86.    Deny.

87.    Deny.

## COUNT II
## Medical Negligence – Defendant Hospital

88.    In Paragraph 88, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 88. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 88.

89.    Paragraph 89 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 89.

90.    Paragraph 90 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 90.

91.    Paragraph 91 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 91.

92.     Paragraph 92 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 92.

93.     Paragraph 93 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 93.

94.     Paragraph 94 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 94.

95.     Paragraph 95 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 95.

96.     Paragraph 96 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 96.

97.     Paragraph 97 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 97.

98.     Paragraph 98 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 98.

99.     Paragraph 99 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 99.

100.    Paragraph 100 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 100.

## COUNT III
## Medical Negligence – Defendant Nichols

101.    In Paragraph 101, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 101. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 101.

102.    Paragraph 102 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 102.

103.   Paragraph 103 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 103.

104.   Paragraph 104 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 104.

105.   Paragraph 105 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 105.

106.   Paragraph 106 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 106.

107.   Paragraph 107 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 107.

108.   Paragraph 108 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 108.

109.   Paragraph 109 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 109.

110.   Paragraph 110 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 110.

111.   Paragraph 111 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 111.

112.   Paragraph 112 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 112.

113.   Paragraph 113 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 113.

**COUNT IV**
**Medical Negligence – Defendant Rollison**

114.   In Paragraph 114, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 114. To the

extent any further response is necessary, Defendant United States denies the allegations in Paragraph 114.

115.   Paragraph 115 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 115.

116.   Paragraph 116 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 116.

117.   Paragraph 117 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 117.

118.   Paragraph 118 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 118.

119.   Paragraph 119 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 119.

120.   Paragraph 120 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 120.

121.   Paragraph 121 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 121.

122.   Paragraph 122 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 122.

123.   Paragraph 123 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 123.

124.   Paragraph 124 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 124.

125.   Paragraph 125 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 125.

126.   Paragraph 126 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 126.

## COUNT V
## Medical Negligence – Defendant Garlo

127.   In Paragraph 127, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 127. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 127.

128.   Paragraph 128 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 128.

129.   Paragraph 129 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 129.

130.   Paragraph 130 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 130.

131.   Paragraph 131 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 131.

132.   Paragraph 132 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 132.

133.   Paragraph 133 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 133.

134.   Paragraph 134 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 134.

135.   Paragraph 135 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 135.

136.   Paragraph 136 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 136.

137.   Paragraph 137 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 137.

138.   Paragraph 138 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 138.

139.   Paragraph 139 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 139.

**COUNT VII**
**Negligent Selection, Retention, Training, & Supervision – Defendant Hospital**

140.   In Paragraph 140, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 140. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 140.

141.   Paragraph 141 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 141.

142.   Paragraph 142 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 142.

143.   Paragraph 143 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 143.

144.   Paragraph 144 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 144.

145.   Paragraph 145 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 145.

146.   Paragraph 146 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 146.

147.   Paragraph 147 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 147.

148.   Paragraph 148 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 148.

149.   Paragraph 149 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 149.

150.   Paragraph 150 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 150.

151.   Paragraph 151 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 151.

152.   Paragraph 152 relates to another defendant, and, as such, Defendant United States lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, denies the allegations in Paragraph 152.

## COUNT VII
### Negligent Selection, Retention, Training, & Supervision – Defendant USA

153.   In Paragraph 153, Plaintiffs do not assert any allegations, but only re-incorporate their previous allegations. Accordingly, Defendant United States incorporates its responses to each Paragraph referenced in Paragraph 153. To the extent any further response is necessary, Defendant United States denies the allegations in Paragraph 153. Additionally, with respect to Count VII, Plaintiffs and the United States have stipulated to a voluntary dismissal of Count VII and

submitted a stipulated order dismissing Count VII to the Court using the ECF

Proposed Orders inbox on November 9, 2021.

154.   Deny.

155.   Deny.

156.   Deny.

157.   Deny.

158.   Deny.

159.   Deny.

160.   Deny.

161.   Deny.

162.   Deny.

163.   Deny.

164.   Deny.

165.   Deny.

The remainder of Plaintiffs' Complaint in the paragraph beginning

"WHEREFORE" sets forth a Prayer for Relief for which no response is required.

To the extent that the Court requires a response, Defendant United States denies all

allegations of negligence set forth in the Complaint and denies Plaintiff's Prayer

for Relief.

Regarding Plaintiffs demand for a trial by jury, Defendant United States answers that Plaintiffs are not entitled to a jury trial for its claims against Defendant United States. 28 U.S.C. § 2402.

### Defendant United States' Statement Regarding
### Affidavit of Meritorious Defense

The state-law procedural requirements of M.C.L. § 600.2912e do not apply in federal court; therefore, defendant is not required to submit an affidavit of meritorious defense with its Answer in this case. *See Gallivan v. United States*, 943 F.3d 291, 292 (6th Cir. 2019).

### Defendant United States' Affirmative Defenses

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The alleged injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of an employee of the United States acting within the scope and course of his or her employment, or by the United States.

### THIRD DEFENSE

In the event Defendant United States is found to have breached the standard of care, which breach Defendant denies, such a breach was not the cause in fact or proximate cause of alleged damages suffered by the Plaintiffs.

FOURTH DEFENSE

Plaintiffs did not suffer any injuries as a result of Defendant United States' allegedly negligent conduct.

FIFTH DEFENSE

The United States, through its employees and agents, acted within the standard of care at all relevant times.

SIXTH DEFENSE

Plaintiffs' injuries and damages, in whole or in part, were caused by Plaintiffs' own negligent acts or omissions, M.C.L. § 600.2959, or those of others over whom the federal government had no control, and for which the United States may not be held liable. M.C.L. § 600.2957; M.C.R. 2.112(K)(2).

SEVENTH DEFENSE

Any award must be diminished by Plaintiffs' failure to mitigate their damages.

EIGHTH DEFENSE

Plaintiffs' claims directed at Defendant United States' staffing levels, organizational structure, structure of care, hiring, training, retention, review of hospital staff or the conduct of hospital staff, or supervision of medical personnel are barred by the FTCA's discretionary function exception. 28 U.S.C. § 2680(a).

## NINTH DEFENSE

Plaintiffs' claims are barred by the FTCA's statute of limitations. 28 U.S.C.

§ 2401(b).

## TENTH DEFENSE

Plaintiffs have failed to join an indispensable party. Fed. R. Civ. P. 19.

## ELEVENTH DEFENSE

Plaintiffs' claim for damages is limited to damages recoverable under

28 U.S.C. § 2674 and M.C.L. § 600.1483.

## TWELFTH DEFENSE

Any recovery by Plaintiffs is subject to the availability of appropriated

funds. 42 U.S.C. § 233(k).

## THIRTEENTH DEFENSE

To the extent that any of Plaintiffs' claims were not the subject of an

administrative tort claim, this court lacks jurisdiction over those claims. 28 U.S.C.

§ 2675(a).

## FOURTEENTH DEFENSE

Plaintiffs' damages, if any, are limited to the amount set forth in Plaintiffs'

administrative claims. 28 U.S.C. § 2675(b).

## FIFTEENTH DEFENSE

Plaintiffs have no right to a jury trial. 28 U.S.C. § 2402.

<u>SIXTEENTH DEFENSE</u>

Plaintiffs' non-economic damages, if any, may not exceed the statutory cap set forth in Michigan Compiled Laws § 600.1483.

<u>SEVENTEENTH DEFENSE</u>

Defendant is entitled to an offset for any benefits paid to or on behalf of Plaintiffs by any agency of the United States, such as Veterans Benefits, Medicare, Social Security, military health benefits, tax benefits, etc. provided to Plaintiffs as a result of their claimed losses.

<u>EIGHTEENTH DEFENSE</u>

Any judgment must be reduced by the amount paid or payable by a collateral source. M.C.L. § 600.6303.

<u>NINETEENTH DEFENSE</u>

If the Court awards Plaintiffs a judgment, any future damages must be calculated on an annual basis for the expected lifetime of Plaintiffs. M.C.L. § 600.6305.

<u>TWENTIETH DEFENSE</u>

The United States may not be held Jointly and Severally Liable for the negligent acts of other parties or non-parties. M.C.L. § 600.6304(4); M.C.L. § 600.6312.

## TWENTY-FIRST DEFENSE

The FTCA prohibits liability for punitive damages. 28 U.S.C. § 2674.

## TWENTY-SECOND DEFENSE

Any judgment must be reduced to present cash value. M.C.L. § 600.6306.

## TWENTY-THIRD DEFENSE

Plaintiffs are not entitled to prejudgment interest. 28 U.S.C. § 2674.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to post-judgment interest. 28 U.S.C. § 1304(b)(1).

## TWENTY-FIFTH DEFENSE

Attorney's fees taken out of any judgment or settlement are governed by statute. 28 U.S.C. § 2678.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claim is barred by their failure to provide the notice required by M.C.L. § 600.2912.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' Complaint should be stricken because it fails to conform to the requirement that a complaint need only include "a short and plain statement of the claim" as mandated by Federal Rule of Civil Procedure 8, *see Moore v. Third Jud. Cir. of Mich.*, No. 08-12353, 2008 WL 4866056 (E.D. Mich. Nov. 10, 2008), and

because parties may not seek discovery prior to a meeting between the parties to discuss discovery, Fed. R. Civ. P. 26(d).

The United States respectfully reserves the right to amend its affirmative defenses as additional information is acquired during discovery.

WHEREFORE, defendant, the United States, prays for judgment in its favor, and that the court award such further relief as may be appropriate.

Respectfully submitted,

**Saima S. Mohsin**
Acting United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated:  November 16, 2021

33

## CERTIFICATION OF SERVICE

I hereby certify that on November 16, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification to the parties who have appeared in the case.

*/s/ Zak Toomey*

**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov