IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.A., a legally incapacitated minor, by and through his Mother and Next Friend, KIERSTEN REESER, and KIERSTEN REESER, Individually, and JEREMY ARMSTRONG, Individually
    Plaintiffs,

v.

UNITED STATES OF AMERICA, and W.A. FOOTE MEMORIAL HOSPITAL a/k/a HENRY FORD ALLEGIANCE HEALTH, and CHARLES EDWARD ROLLISON, D.O., and RONALD NICHOLS, M.D., and ALMA GARLO, M.D.
    Defendants.

CASE NO. 21-12050
Hon. Robert H. Cleland
Mag. Judge David R. Grand

_____

| | |
|---|---|
| JACK BEAM (P24600) | LEROY H. WULFMEIER, III (P22583) |
| MATTHEW M. PATTERSON (P79553) | JOHN R. FLEMING (P79748) |
| RYAN P. TIMONEY (P81685) | GIARMARCO, MULLINS & HORTON, P.C. |
| BEAM LEGAL TEAM, LLC | Attorneys for Defendant W.A. Foote Memorial |
| Attorneys for the Plaintiffs | Hospital a/k/a Henry Ford Allegiance Health |
| 954 W. Washington Blvd., Ste. 215 | and Defendant Ronald Nichols, M.D. |
| Chicago, IL 60607 | Tenth Floor Columbia Center |
| (312) 733-0930; (312) 733-0921 (fax) | 101 West Big Beaver Rd. |
| | Troy, MI 48084-5280 |
| GEOFFREY N. FIEGER (P30441) | (248) 457-7000; (248) 457-7001 (fax) |
| FIEGER & FIEGER, P.C. | |
| Attorney for the Plaintiffs | RALPH F. VALITUTTI, JR. (P26128) |
| 19390 West Ten Mile Rd. | MICHAEL J. PAOLUCCI (P45548) |
| Southfield, MI 48075 | KITCH DRUTCHAS WAGNER |
| (248) 355-5555; (248) 355-5148 (fax) | VALITUTTI & SHERBROOK |
| | Attorneys for Defendant Charles Edward Rollison, |
| ZAK TOOMEY (MO 61618) | D.O. and Defendant Alma Garlo, M.D. |
| CHRISTOPHER DOYLE | 10 South Main, Suite 200 |
| Attorneys for Defendant USA | Mt. Clemens, MI 48043-7903 |
| 211 W. Fort Street, Suite 2001 | (810) 232-3141; (810) 232-1709 (fax) |
| Detroit, MI 48226 | |
| (313) 226-9617 | |

_____

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
WITHHELD DOCUMENTS IDENTIFIED IN
DEFENDANT HENRY FORD ALLEGIANCE HEALTH'S
PRIVILEGE LOG DATED SEPTEMBER 30, 2022**

1

COME NOW Plaintiffs, L.A., Kiersten Reeser and Jeremy Armstrong, by and through their attorneys, BEAM LEGAL TEAM, LLC and FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby submit *Plaintiffs' Motion to Compel Production Of Withheld Documents Identified In Defendant Henry Ford Allegiance Health's Privilege Log Dated September 30, 2022*. In support thereof, Plaintiffs state:

1. This is a medical negligence birth injury action that was filed on September 9, 2021[1], wherein Plaintiffs allege that the Defendants' collective negligence during labor and delivery proximately caused the minor-Plaintiff, L.A., to suffer severe and debilitating brain damage near the time of his birth.

2. This motion is brought pursuant to Fed. R. Civ. P. 37(a) to compel production of material documentation that has been requested by Plaintiffs, and withheld by the Defendant, in discovery. As detailed herein, important information/documentation, including incident reports about the events in question, have been withheld from discovery by Defendant W.A. Foote Memorial Hospital a/k/a Henry Ford Allegiance Health (hereinafter "Defendant Hospital").

3. On or about April 13, 2022, Plaintiffs served Interrogatories and Requests for Production upon each Defendant wherein Plaintiffs requested

---

[1] As the Court may recall, this case was originally filed on June 3, 2021 and assigned case number 21-cv-11317, and has since been consolidated with the above-captioned matter.

2

production of various documents including any and all incident reports (RFPD No. 28, see Exhibit A, *infra*) or other documents pertaining to any investigation surrounding the Plaintiffs' labor and delivery.

4. Despite the clear relevance of these documents, the Defendant Hospital incorrectly claims that certain materials are privileged and therefore protected from discovery. [2] See Defendant Hospital's Responses to Interrogatories & Requests For Production, Exhibit A. Specifically, Defendant Hospital has submitted a Privilege Log dated 9/30/2022 which identifies the following documents which have been withheld from discovery under a claim of privilege:

   a. Peer Review Tool
   b. Risk Feedback and Reporting Process Report ("RL Report") #1
   c. Risk Feedback and Reporting Process Report ("RL Report") #2
   d. Risk Feedback and Reporting Process Report ("RL Report") #3
   e. Physician Defendants' File Redactions

See Defendant Hospital's Privilege Log dated 9/30/2022, Exhibit B.

5. As set forth in its Privilege Log, Defendant Hospital relies exclusively upon "Michigan's peer review privilege" as the only basis for its objection and refusal to produce the herein discovery. Id. at p. 2. Specifically, Defendant cites the following: M.C.L. 333.21513, M.C.L. 333.21515, M.C.L. 333.20175, M.C.L.

---

[2] It should also be noted that during various depositions defense counsel objected to Plaintiffs' counsel's questioning about investigations and incident reports surrounding L.A.'s birth thereby instructing witnesses not to answer many questions based upon Michigan's peer review privilege.

330.1143a, M.C.L. 331.531, M.C.L. 331.533, M.C.L. 331.531-534, and Krusac v. Covenant Med. Ctr., Inc., 497 Mich. 251, 263 (2015).[3]

6. However, **contrary to Defendant's position, and as set forth in the attached Brief in Support, Michigan's peer review privilege is not applicable in the present case**. **The federal common law regarding privilege applies in this case**. **There is no federal peer review privilege.** As such, there is no legitimate privilege that attaches to the withheld documents in this case and Defendant Hospital should be compelled to produce all documents identified in its 9/30/2022 Privilege Log (Exhibit B).

7. In addition to being non-privileged, the information/documentation requested herein is highly relevant to the present lawsuit. Certainly, any documented event reports or other documents which provide insight into the occurrences during Plaintiffs' labor and delivery would be extremely relevant to the claims and defenses of this lawsuit. Moreover, it would not be difficult or burdensome to produce the withheld documents and – given the nature of this case – the request is certainly proportionate to the needs of the case. In sum, there is no meritorious objection that shields the herein requested information/documentation from discovery.

---

[3] Some of these statutes are completely inapplicable to a theoretical peer review privilege and therefore irrelevant to the relief requested in this motion.

4

8. The Plaintiffs are entitled to the discovery requested herein pursuant and including but not limited to Fed. R. Civ. P. 26(b), 33, and 34.

9. The Court has authority to grant the relief requested herein and enter an order compelling Defendant Hospital to produce all of the herein-requested materials, including but not limited to pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37.

10. No parties would be unfairly prejudiced by the granting of this motion.

11. The undersigned certifies that, pursuant to Rule 37, good faith efforts have been made to confer with counsel for Defendant Hospital to resolve the herein discovery disputes without court action.

12. Accordingly, Defendants should be compelled to produce the herein-requested materials within 14 days of the hearing of this motion.

13. Plaintiffs incorporate by reference the below *Brief in Support* as if fully set forth herein.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant this *Plaintiffs' Motion to Compel Production Of Withheld Documents Identified In Defendant Henry Ford Allegiance Health's Privilege Log Dated September 30, 2022*, and enter an Order compelling Defendant Hospital to produce the following documents from Defendant's Privilege Log: (a) Peer Review Tool; (b) Risk Feedback and Reporting Process Report ("RL Report") #1; (c) Risk Feedback and

5

Reporting Process Report ("RL Report") #2; (d) Risk Feedback and Reporting Process Report ("RL Report") #3; (e) Physician Defendants' File Redactions; and grant any other relief that the court deems appropriate.

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS IDENTIFIED IN DEFENDANT HENRY FORD ALLEGIANCE HEALTH'S PRIVILEGE LOG DATED SEPTEMBER 30, 2022

Plaintiffs incorporate by reference the above motion as if fully set forth herein.

### BACKGROUND

Plaintiffs allege that the Defendants' collective negligence during the pregnancy, labor, and delivery of Plaintiff Kiersten Reeser ("Ms. Reeser") near the time of her baby L.A.'s birth proximately caused him to suffer severe and debilitating brain damage. Some of the claims in this action arise from the alleged negligence of multiple physicians who are deemed to be employees of the United States of America due to their employment with the Center for Family Health, which is a Federally Qualified Health Center located in Jackson, Michigan. Accordingly, this action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680. Additionally, there are also claims against non-federal defendants, including Defendant W.A. Foote Memorial Hospital a/k/a Henry Ford Allegiance Health (hereinafter "Defendant Hospital") which are before this court under supplemental jurisdiction. 28 U.S.C. §1367.

6

The non-federal Defendant Hospital asserts a Michigan state law privilege (namely Michigan's peer review privilege) as the basis for withholding documents including incident reports that are otherwise relevant and proportional to the needs of this case. However, in this case, federal privilege law applies rather than state law. Further, there is no recognized federal peer review privilege. As such, the Defendant Hospital should be compelled to produce the withheld evidence.

**LAW & ARGUMENT:**

The Federal Rules of Evidence (F.R.E.) apply to the present case to determine questions of admissibility of evidence. Rule 501 dictates the following with respect to privileges:

> **The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege** unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> **But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision**.

F.R.E. 501. In other words, with limited exceptions, federal common law will generally govern claims of privilege. Specifically in this case, there is no federal statute, rules from the Supreme Court, or provisions of the United States Constitution suggesting that anything other than federal common law governs a claim of privilege. Moreover, as a case that is brought pursuant to federal law under the Federal Tort Claims Act (FTCA), federal law supplies the rule of decision, even

7

though jurisdiction over the Defendant Hospital is by virtue of supplemental jurisdiction. As such, federal common law supplies the rule of decision in this action and accordingly federal common law – not Michigan state law – governs privilege.

I. *<u>The Michigan state peer review privilege does not apply in this case because privilege is governed by the federal common law in all cases of federal question jurisdiction.</u>*

FTCA cases like the present are litigated in federal court due to federal question jurisdiction. There is no state law cause of action that can be brought against the USA or its deemed employees. However, the FTCA – which is a federal law – creates a cause of action against individuals who are deemed employees of the USA. It is basic law that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." <u>See</u> 28 U.S.C. §1331. Obviously, Plaintiffs' present claim for medical negligence against the United States arises under the FTCA, which is a law of the United States, thereby conferring federal question jurisdiction on this court. <u>See also</u> 28 U.S.C. §1346(b)(1) (providing exclusive jurisdiction over claims against the United States for allegedly negligent acts and/or omissions).

Federal courts from coast to coast have recognized that the federal law of privilege generally applies to **all cases** that are in federal court pursuant to federal question jurisdiction. In <u>Syposs v. U.S.</u> it was held that, "***in a federal question case, such as the case at issue here, the federal common law of privilege is applicable,***

8

*and not state statutory privilege*." See Syposs v. U.S., 179 F.R.D. 406, 409 (W.D.N.Y., 1998) (explaining that "the state statutory peer review privileges asserted as controlling by the Hospitals are not conclusive in an action brought in federal court under federal law.").

Even, like here, where some defendants are brought into the case from supplemental jurisdiction, it has been held that "*the Court believes that in federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation*." Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455 (N.D. Cal., 1978). See Von Bulow v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987) (holding that "*the federal law of privilege controls whether the privileges…should be recognized*" in a situation where the action was brought in federal court with both federal question claims and pendant state law claims). In Von Bulow, the Second Circuit considered whether the application of privilege was governed by state or federal law in an action arising out of claims based on both such as the Racketeering Influenced and Corrupt Organizations Act (RICO) – a federal law – as well as additional state law claims. Id. The Von Bulow Court explained that "*the instant case is a federal question case by virtue of the RICO claim…Accordingly, we hold that the federal law of privilege controls the question whether the privileges asserted by Reynolds should be recognized*." Id.

The 6th Circuit has reviewed the Second Circuit's Von Bulow analysis and accepted it to be true as well, similarly holding that the federal law of privilege governs in cases that are brought under federal question jurisdiction:

> **"Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege."**

Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir., 1992) (emphasis added); see also Zamorano v. Wayne State University, No. 07-12943, 2008 WL 2067005 (E.D. Mich. May 15, 2008) (concluding that "**the Sixth Circuit applies the federal law of privilege to cases where there are both state and federal claims and where the court's jurisdiction is based on a federal question**.")

This appears to be the consensus among most – if not all – federal appellate circuits. See Wm. T. Thompson Co. v. Gen. Nutrition Corp., 671 F.2d 100, 103 (3d Cir. 1982) (explaining that "*in federal question cases the federal common law of privileges applies*."); Mem'l Hosp. for McHenry Cnty. v. Shadur, 664 F.2d 1058, 1061 (7th Cir. 1981) (explaining that the federal law of privilege controls in a federal question claim arising under the Sherman Act (15 U.S.C. §1-38)); Hancock v. Hobbs, 967 F.2d 462, 466-467 (11th Cir. 1992) (refusing to apply a state law privilege because the court's jurisdiction was based upon federal question and holding that "*the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question*,

10

*even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege*.").

Accordingly, as this case is in federal court due to federal question supplied by the FTCA, the federal common law of privilege (rather than state law) must apply against all claims and all Defendants – even those that which are in federal court under supplemental jurisdiction.

## II. *As confirmed by various federal courts across the country, federal law (rather than state law) supplies the rule of decision in FTCA cases like the present and accordingly, the federal common law regarding privilege governs.*

The above analysis has even more specifically been applied by federal courts across the country to conclude that under the circumstances of the present case where a lawsuit is brought pursuant to the FTCA, the federal law of privilege (rather than state law) governs.[4] See Syposs v. U.S. (granting plaintiffs' motion to compel production of subpoenaed records from a non-party regarding peer review of procedures concerning the defendant physician, and holding that "*state law privileges protecting peer reviews of physicians from discovery were inapplicable in Federal Tort Claims Act cases*"); see also Tucker v. United States, 143 F.Supp.2d 619 (S.D. W.V., 2001) (granting plaintiffs' motion to compel peer review records in

---

[4] While there have been district courts that disagree with this conclusion, these decisions are flawed; do not consider the difference between state law operating on its own force as opposed to being adopted/incorporated into federal law; and do not consider the legislative history of F.R.E. 501. Ellis v. United States, 922 F.Supp.539 (Dist. Utah, 1996); Huzjak v. United States, 118 F.R.D. 61 (N.D. Ohio, 1987); Oslund v. United States, 128 F.R.D. 110 (Dist. Minn., 1989).

11

a FTCA action and holding that the federal law did not recognize a medical peer review privilege); see also Menses v. United States Postal Service, 942 F.Supp. 1320 (Nev. Dist. Ct., 1996) (granting defendant United States' motion to compel production of Nevada Employment Division records and holding that "***federal privilege law applies to all Federal Tort Claims cases*** and there is no federal privilege which protects the records…"); see also Young v. United States, 149 F.R.D. 199 (S.D. Cal., 1993) (granting defendant United States' motion to compel production of tax returns and holding that the federal law of privilege – rather than state law – applies in a FTCA action); see also Galarza v. United States, 179 F.R.D. 291 (S.D. Cal., 1998) (denying plaintiffs' motion for protective order to prevent the U.S. Attorney's Office from engaging in *ex parte* communications with physicians and ruling that, because the suit was brought under the FTCA, the federal law of privilege would govern regarding the application of both the physician-patient privilege and the attorney-client privilege).

While it is true that under the FTCA the Court is to look to the law of the state where the injury occurred, this **does not** mean that "state law supplies the rule of decision" as stated within F.R.E. 501. To the contrary, under the FTCA state law is specifically incorporated by reference into federal law. As explained by the Supreme Court of the United States, "[i]t is, of course, not uncommon for Congress to direct that state law be used to fill the interstices of federal law." Moor v. County of

Alameda, 411 U.S. 693, 701 (1973). In fact, the Moor Court specifically noted that "*[a] ready example of such federal adoption of state law is to be found in the Federal Tort Claims Act under which the United States is made liable for certain torts of its employees in accordance with relevant state law*." Id. at 701; see also 28 U.S.C. §1346(b); see also Feres v. United States, 340 U.S. 135, 142 (1950) (explaining that the FTCA "assimilates into federal law the rules of substantive law of the several states…"); see also General Amer. Life Ins. Co. v. Costonguay, 984 F.2d 1518, 1522 (9th Cir. 1993) (explaining that the FTCA is an example of a federal statute "incorporating state law for torts committed by the federal government rather than creating a federal law of torts.").

Clearly there is a recognized difference between situations where (1) state law is operative on its own force and (2) state law is incorporated or adopted as federal law as is the case with the FTCA. Young v. U.S. at 202. On the one hand, when state law operates on its own force (e.g., in cases under diversity jurisdiction), it is clear that state law supplies the rule of decision. Id. "**However, where the state law becomes, in effect, the federal law by incorporation, then federal law supplies the rule of decision**." Id.; Syposs v. U.S. at 411. Explained similarly, "*[c]ongress recognized that **when federal courts merely adopt state law as federal law, there is no need to apply state law in matters such as the admissibility of evidence and claims of privilege, and that federal privilege law controls**. It is only where state*

13

*law is operative of its own force that state law supplies the rule of decision, and, under Rule 501, state privilege law governs.*" Menses v. U.S. at 1322. "***Because federal courts only adopt state law under the Federal Tort Claims Act, federal law still supplies the rule of decision under Rule 501 and state privilege law does not apply to Federal Tort Claims Act cases***." Id, at 1323. As such, in the present case that arises under the FTCA, federal law adopts Michigan's law of medical negligence; federal law supplies the rule of decision; and federal privilege law (rather than state law) applies.

The legislative history behind F.R.E. 501 confirms Congress' intention for federal privilege law to govern in the present case. During the drafting and enactment of the federal rules, the United States Department of Justice expressed concerns about the potential for state law applying in Federal Tort Claims Act cases with respect to admissibility of evidence and claims of privilege – setting forth the position that "…*[t]here is generally no reason in those instances to apply state law in matters regarding the admissibility of evidence and claims of privilege*." See Department of Justice Analysis and Recommendations Regarding Draft of Proposed Rules of Evidence of the Subcommittee on Criminal Justice, House Committee on the Judiciary, H.R. 5463, 93d Cong.,1ˢᵗ Sess. 347 (1973) (statement of William D. Ruckelshaus, Acting Deputy Attorney General); Tucker v. U.S. at 623; Young v.

14

U.S. at 202-203. In addressing the concerns of the Department of Justice, the Senate-House Conference responded as follows at the time that Rule 501 was adopted:

> "**In nondiversity jurisdiction civil cases, federal privilege will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law … When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege law would not apply.**"

See Conf. Rep. No. 1597, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7101; Tucker v. U.S. at 623; Young v. U.S. at 203.

Moreover, to be distinguished from cases in federal court via diversity jurisdiction where state law is operative on its own force, there is a substantial federal interest to be considered in FTCA cases. Under the FTCA, the federal government waived its sovereign immunity under the explicit condition that exclusive jurisdiction is conferred upon the federal courts. Obviously, this was designed to ensure that federal law regarding procedure and admissibility of evidence uniformly governed these claims against the United States. "*The deliberate limitation placed on Federal Tort Claims Act cases by Congress is due to the federal government's substantial interest in the application of uniform laws in light of its subjection to widespread litigation. To permit the imposition of diverse state privilege laws to Federal Tort Claims Act cases would allow the uneven administration of the law*

15

*that the Supreme Court identified in Clearfield and that Rule 501 attempts to avoid.*" Menses v. U.S. at 1324. Accordingly, the clear legislative intent confirms the language of F.R.E. 501 requiring the application of federal (rather than state) privilege law.

In addition to the clear legislative intent, and as considered by the Young and Tucker courts, there are significant policy considerations that favor a uniform application of privilege law to all cases which are brought under the FTCA. It would not make sense for the USA to be limited in the evidence that it can discover (or be forced to produce) in some FTCA cases, but not in others. This would not only subject the USA to inconsistent rulings but also would encourage forum shopping. These policy implications again confirm that the federal law of privilege applies.

   III.  **_There is no federal common law privilege with respect to peer review and therefore, the documents requested herein are not privileged_**.

Defendant has not raised any applicable privilege under federal law which even theoretically attaches to the documents requested in this motion. This is because there is no peer review privilege under federal common law. See Zamorano v. Wayne State University (explaining that "***every federal court of appeals that has addressed the issue for purposes of federal common law has determined that there is no "federal" peer review privilege.***"); Hubble v. County of Macomb, 2017 WL 5952119 (E.D. Mich., 2017); Stojcevski v. County of Macomb, 2018 WL 11350614 (E.D. Mich., 2018); Grabow v. County of Macomb, 2013 WL 3354505 (E.D. Mich.,

16

2013); Nilavar v. Mercy Health System-Western Ohio, 210 F.R.D. 597 (S.D. Ohio 2002); Jenkins v. DeKalb County, Georgia, 242 F.R.D. 652 (N.D. Ga. 2007). Accordingly, the documents withheld by Defendant Hospital that are identified in its privilege log are not protected by federal common law and thus Defendant Hospital should be compelled to produce the same.

## **CONCLUSION**

Plaintiffs' medical malpractice action is in federal court pursuant to the FTCA, thereby providing the Court with federal question jurisdiction over this action. Courts nationwide have consistently held that federal law (rather than state law) of privilege govern **all cases** of federal question jurisdiction. As established by the language of F.R.E. 501, relevant case law, and legislative history, this specifically includes (1) cases brought under the FTCA and (2) cases that also include pendent state law claims. Accordingly, Defendant Hospital's objection is invalid, and Michigan's peer review privilege does not apply in this case. Instead, this case must be governed by federal common law regarding privilege. However, there is no medical peer review privilege afforded by federal common law. Accordingly, there is no privilege that attaches to the documents identified within Defendant Hospital's privilege log dated 9/30/2022, and Defendant hospital should be compelled to produce the same.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant this *Plaintiffs' Motion to Compel Production Of Withheld Documents Identified In Defendant Henry Ford Allegiance Health's Privilege Log Dated September 30, 2022*, and enter an Order compelling Defendant Hospital to produce the following documents from Defendant's Privilege Log: (a) Peer Review Tool; (b) Risk Feedback and Reporting Process Report ("RL Report") #1; (c) Risk Feedback and Reporting Process Report ("RL Report") #2; (d) Risk Feedback and Reporting Process Report ("RL Report") #3; (e) Physician Defendants' File Redactions; and grant any other relief that the court deems appropriate.

      Respectfully submitted,

      BEAM LEGAL TEAM, LLC

      By: /s/ Ryan P. Timoney
      JACK BEAM (P24600)
      MATTHEW M. PATTERSON (P79553)
      RYAN P. TIMONEY (P81685)
      954 W. Washington Blvd., Suite 215
      Chicago, IL 60607
      (312) 733-0930; (312) 733-0921 Fax

      and

      GEOFFREY N. FIEGER (P30441)
      FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.
      19390 West Ten Mile Road
      Southfield, MI 48075
      (248) 355-5555; (248) 355-5148 Fax

      *Attorneys for Plaintiff*

Dated: January 25, 2023

## CERTIFICATE OF SERVICE

       I hereby certify than on January 25, 2023 the *Plaintiffs' Motion to Compel Production Of Withheld Documents Identified In Defendant Henry Ford Allegiance Health's Privilege Log Dated September 30, 2022* was served upon all counsel of record via email as indicated below:

LeRoy Wulfmeier, Esq., lwulfmeier@gmhlaw.com
John Fleming, Esq., jfleming@gmhlaw.com
Michelle Murry, mmurry@gmhlaw.com
***Counsel for Defendants Hospital and Nichols***

Ralph Valitutti, Esq., ralph.valitutti@kitch.com
Michael Paolucci, Esq., michael.paolucci@kitch.com
Janice Franco, Janice.Franco@kitch.com
***Counsel for Defendants Rollison and Garlo***

Zak Toomey, Esq., Zak.Toomey@usdoj.gov
Chris Doyle, Esq., christopher.doyle@usdoj.gov
Sara Verdun, Sara.Verdun@usdoj.gov
***Counsel for Defendant USA***

                                                              /s/*Brittany N. Votruba*
                                                              Brittany N. Votruba, Paralegal
                                                               Beam Legal Team, LLC