## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

L.A., a legally incapacitated Minor, by and
through his Mother and Next Friend,
KIERSTEN REESER, KIERSTEN REESER,
Individually, JEREMY ARMSTRONG,
Individually,

                Plaintiffs,

v

UNITED STATES OF AMERICA and W.A.
FOOTE MEMORIAL HOSPITAL a/k/a
HENRY FORD ALLEGIANCE HEALTH, and
CHARLES EDWARD ROLLISON, D.O., and
RONALD NICHOLS, M.D., and ALMA
GARLO, M.D.,

                Defendants.

Case No. 3:21-cv-12050

HON. ROBERT H. CLELAND
MAG. DAVID R. GRAND

**DEFENDANT HENRY
FORD'S RESPONSE
RE: MOTION TO
<u>COMPEL</u>**

---

| | |
|---|---|
| JACK BEAM (P24600) | LeROY H. WULFMEIER, III (P22583) |
| BEAM LEGAL TEAM, LLC | JOHN R. FLEMING (P79748) |
| Attorneys for Plaintiff | GIARMARCO, MULLINS & HORTON, PC |
| 954 W. Washington Blvd., Ste. 215 | Attorney for Defs. W.A. Foote Memorial |
| Chicago, IL 60607 | Hospital a/k/a Henry Ford Allegiance |
| (312) 733-0930 | Health and Ronald Nichols, M.D. |
| | 101 W. Big Beaver Rd. – Tenth Floor |
| | Troy, MI 48084 |
| GEOFFREY N. FIEGER (P30441) | (248) 457-7000 |
| FIEGER & FIEGER, P.C. | lwulfmeier@gmhlaw.com |
| Attorney for Plaintiff | jfleming@gmhlaw.com |
| 19390 West Ten Mile Rd. | |
| Southfield, MI 48075 | |
| (248) 355-5555 | |

RALPH F. VALITUTTI, JR. (P26128)
MICHAEL J. PAOLUCCI (P44548)
KITCH, DRUTCHAS, WAGNER,
VALITUTTI & SHERBROOK
Attorneys for Defs. Drs. Rollison
and Garlo
10 South Main Street, Suite 200
Mt. Clemens, MI 48043
(586) 983-4130
Ralph.Valitutti@kitch.com
Michael.Paolucci@kitch.com

ZAK TOOMEY (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9617
zak.toomey@usdoj.gov

_____

## DEFENDANT HENRY FORD'S RESPONSE
## RE: MOTION TO COMPEL

_____

Defendant Henry Ford Allegiance Health, through its attorneys, respond to Plaintiffs' motion to compel peer review documents as follows:

1.     Denied as to allegations of negligence, proximate cause, and damages.

2.     Denied as to "important information/documentation."

3.     The discovery requests speak for themselves.

4.     Denied.  The documents are not "clearly relevant" and are privileged.

5.     Denied.  The Court has already held that Michigan's peer review privilege applies.  The Court was correct in its ruling and Plaintiffs agreed.  In addition, federal privilege also applies.

6.     Denied.

7.     Denied.

8.     Denied.

9.     No response is required.

10.    Denied.

11.    Admit that a meet and confer was held.  However, Plaintiffs' motion is procedurally (and substantively) improper.

12.    Denied.

13.    No response is required.

WHEREFORE, for the reasons stated in the attached Brief, the Court should deny the motion.

BY:  /s/ LeRoy H. Wulfmeier, III
     LeROY H. WULFMEIER, III (P22583)
     JOHN R. FLEMING (P79498)
     Attorneys for Defs. W.A. Foote Memorial
     Hospital a/k/a Henry Ford Allegiance
     Health and Ronald Nichols, M.D.
     101 W. Big Beaver Rd., Tenth Floor
     Troy, MI 48084

DATED:   February 8, 2023     (248) 457-700

**BRIEF IN SUPPORT OF DEFENDANT HENRY FORD'S
RESPONSE RE: MOTION TO COMPEL**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................ii

INTRODUCTION ..................................................................... 1

FACTS.............................................................................. 1

ARGUMENT ........................................................................ 3

    1. Plaintiffs' untimely motion for reconsideration............................. 3

    2. Peer review privilege is substantive and assimilated
       by the FTCA................................................................ 4

    3. The federal common law self-critical analysis privilege applies...... 11

CONCLUSION ...................................................................... 18

CERTIFICATE OF SERVICE ....................................................... 19

i

# INDEX OF AUTHORITIES

## Cases

*ASARCO, Inc., Tennessee Mines Div. v. N.L.R.B.*, 805 F.2d 194
 (6th Cir. 1986) ............................................................................ 13

*Bennett v. Kent Cnty. Mem'l Hosp.*, 623 F. Supp. 2d 246 (D.R.I. 2009) .......... 16

*Brashear v. United States*, 847 F. Supp. 2d 41 (D.D.C. 2012) .......................... 9

*Bredice v. Doctors Hospital*, 50 F.R.D. 249 (D.D.C. 1970) ............................. 16

*Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A.*, 162 F.R.D. 94
 (D. Md. 1995) ............................................................................ 17

*Brusch v. United States*, 823 F. App'x 409 (6th Cir. 2020) ............................... 6

*Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525 (1958) ............................. 7

*Caban v. United States*, 728 F.2d 68 (2d Cir. 1984) ....................................... 4

*CNA v. United States*, 535 F.3d 132 (3d Cir. 2008) ........................................ 4

*Cornejo versus Mercy Hospital*, 2014 West Law 4817806 .............................. 2

*Doe v. St. Joseph's Hosp. of Ft. Wayne*, 113 F.R.D. 677 (N.D. Ind. 1987) ....... 16

*Ellis v. United States*, 922 F. Supp. 539 (D. Utah 1996) ................................ 10

*Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817,
 82 L.Ed. 1188 (1938) ......................................................... 5, 6, 7

*Feres v. United States*, 340 U.S. 135 (1950) ............................................... 4, 18

*Francis v. United States*, 2011 WL 2224509 at *6 (S.D.N.Y. May 31, 2011) ... 16

*Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019) ................................. 6

*Grenier v. Stamford Hosp. Stamford Health Sys., Inc.*, 2016 WL 3951045
 at *3 (D. Conn. July 20, 2016) ................................................... 17

*Hadix v. Caruso* 2006 WL 2925270 at *2 (W.D. Mich. Oct. 6, 2006) ............ 16

*Hanna v. Plumer,* 380 U.S. 460 (1965) ............................................................. 5

*Hickman v Whirlpool Corp.*, 186 F.R.D. 362 (N.D. Ohio 1999) ..................... 12

*Huddleston v. United States*, 485 F. App'x 744 (6th Cir. 2012)........................ 6

*Huzjak v. United States*, 118 F.R.D. 61 (N.D. Ohio 1987)................................ 6

*Jaffee v. Redmond*, 518 U.S. 1 (1996).................................................. 11, 13, 16

*Johns v. United States*, 1997 WL 695608 at *2 (E.D. La. Nov. 6, 1997) ......... 10

*KD ex rel. Dieffenbach v. United States*, 715 F. Supp. 2d 587
    (D. Del. 2010) ............................................................................................. 15

*Krusac v. Covenant Med. Ctr., Inc*., 497 Mich. 251 (2015) .............................. 8

*Larca v. United States*, 302 F.R.D. 148 (N.D. Ohio 2014) ........................... 5, 6

*Lind v. Canada Dry Corp.*, 283 F. Supp. 861 (D. Minn. 1968)......................... 7

*MacDonald v. United States*, 767 F. Supp. 1295 (M.D. Pa. 1991) ................. 10

*Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058 (7th Cir. 1981) ....... 9

*Menses v US Postal Service,* 942 F. Supp. 1320 (D. Nev. 1996)....................... 8

*Mewborn v. Heckler*, 101 F.R.D. 691 (D.D.C. 1984) ..................................... 16

*Miller v. Uchendu*, 2016 WL 11784214 at *5 (W.D. Tenn. Mar. 21, 2016) ... 16

*Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012).......................... 11

*Moses v. Providence Hosp. & Med. Centers, Inc.*, 2007 WL 1806376 at *2 (E.D.
    Mich. June 22, 2007)................................................................................. 15

*Oslund v. United States,* 128 F.R.D. 110 (D. Minn. 1989) ............................. 10

*Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551 (2d Cir. 1967)............ 7

*Richards v. United States,* 369 U.S. 1 (1962)..................................................... 4

*Samuelson v. Susen*, 576 F.2d 546 (3d Cir. 1978)............................................. 7

*Schuler v. United States*, 113 F.R.D. 518 (W.D. Mich. 1986) .......................... 6

*Sevilla v U.S.*, 852 F. Supp 2d 1057 (N.D. Ill. 2012)....................................... 14

*Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570 (6th Cir. 2008) ...................... 7

*Stringfellow v. Oakwood Hosp. & Med. Ctr.*, 2005 WL 8154517 at *4
   (E.D. Mich. Oct. 21, 2005)........................................................................ 15

*Sumner v. United States*, 794 F. Supp. 1358 (M.D. Tenn. 1992) ..................... 8

*Syposs v United States*, 179 F.R.D. 406 (1998) ........................................... 8, 9

*Tep v. Southcoast Hosps. Grp., Inc.*, 2014 WL 6873137 at *5
   (D. Mass. Dec. 4, 2014) ........................................................................... 16

*Veith v. Portage Cnty., Ohio*, 2012 WL 4850197 at *4 (N.D. Ohio Oct. 11,
   2012)......................................................................................................... 13

*Weekoty v. United States*, 30 F. Supp. 2d 1343 (D.N.M. 1998) .............. 12, 13

*Whitman by Whitman v. United States*, 108 F.R.D. 5 (D.N.H. 1985)............. 16

*Williams v. United States*, 754 F. Supp. 2d 942 (W.D. Tenn. 2010) ............ 5, 6

*Woodworth v. United States*, 287 F. Supp. 3d 345 (W.D.N.Y. 2017) .............. 9

## **Statutes**

28 U.S.C. § 1331 ............................................................................................ 4

28 U.S.C. § 1346(b)(1) ............................................................................... 4, 5

Federal Tort Claims Act ......................................................................*passim*

M.C.L. § 333.21513(d).................................................................................. 7

M.C.L. § 333.21515...................................................................................... 8

MCL § 333.20175(8)..................................................................................... 8

Patient Safety Quality Improvement Act of 2005 ("PSQIA"),

    42 U.S.C. § 299b–21, *et seq*. ................................................................. 15

## **Rules**

Federal Rule of Evidence 501 .................................................................... 10, 11

L.R. 7.1(h)(2) ................................................................................................ 3

## **Other Authorities**

2 Mueller, Kirkpatrick, Federal Evidence § 5:4 (4th ed.) ................................ 11

## **INTRODUCTION**

Plaintiffs' motion should be denied for three reasons:

**First**, this Court held almost five months ago that the peer review privilege applies.  Plaintiffs did not object or move for reconsideration.  This motion is untimely.

**Second**, the Court properly held that the privilege applies because it is substantive law and is incorporated by the FTCA.

**Third**, in the unlikely event the Court concludes the Michigan privilege does not apply, it should adopt the federal common law self-critical analysis privilege.

## **FACTS**

Plaintiffs' prior motion to compel did not argue that the peer review privilege did not apply.  ECF No. 37.  In fact, both the Court and Plaintiffs recognized that it did:

> THE COURT: All right.  And so, I think there are a couple issues going on here. You know, number one is just the privilege itself.  And although, in general, in Federal Court, the Federal Court applies federal privilege laws, here, it's – we are dealing with, really, a State Court claim, albeit through the Federal Tort Claims Act.
>
> Is that -- am I correct in analyzing it that way?

**MR. TIMONEY: Yes, Your Honor.**

MR. FLEMING: Yes. The reason we're in this jurisdiction as to our client is because of the, you know, supplemental jurisdiction, the United States is a party. So that's the reason we're in Federal Court in this case. I don't want to speak for the plaintiff, but it's, you know.

THE COURT: Right. But it's a state -- it's a state law claim only, correct?

MR. FLEMING: Correct.

THE COURT: Right. And so, I found this case, *Cornejo versus Mercy Hospital*, 2014 West Law 4817806, which essentially said it was a case very similar, a personal injury med mal case, under the Federal Tort Claims Act, and it did apply that state's peer review privilege. And similarly, in *Ward v. United States*, F.2d 182, the Sixth Circuit held that the liability, at least of the United States, in actions under the Federal Tort Claims Act is governed by the law of the place where the alleged tort -- where the alleged tort occurred. You know, obviously Michigan. **So, that gets us to the Michigan peer review privilege. So the first, kind of, issue before the Court, I do find that it does apply here.**

Transcript, Exhibit A, at pp. 28-29.

The Court continued:

So, again, I want to recognize that this is a very broad privilege. I think the defense is totally within its rights, and appropriate to point out the kind of legislative mandate of this privilege, and I totally respect that.

2

*Id*. at 32-33.

Plaintiffs did not disagree and stated the privilege protects information "collected for or by individuals on committees," and "…it would be very obvious, just with the privilege log…. [what] evidence is privileged." *Id*.

The Court ordered Defendants to produce a privilege log.  They did. Exhibit B.  Plaintiffs have not alleged the documents are not privileged under Michigan law.  Five months later, Plaintiffs had an about-face.  This motion followed.

## ARGUMENT

### 1.  Plaintiffs' untimely motion for reconsideration.

Plaintiffs' motion is nothing more than an untimely motion for reconsideration.  When discussing the privilege, the Court made an express ruling:  "**I do find that it does apply here.**"  The Order was issued the same day of the hearing.  ECF No. 42.  The Order stated:  "For the detailed reasons stated on the record… the Plaintiffs' motion to compel… is GRANTED **to the extent stated therein**."  Page ID. 626.

If Plaintiffs were unhappy with this Court's Order, they had 14 days to file an objection, Page ID. 627, or 14 days to file a motion for reconsideration.  L.R. 7.1(h)(2).  They did neither.  The motion is months too late.

3

## 2. __Peer review privilege is substantive and assimilated by the FTCA.__

The Court correctly held that the privilege applies.  This is because the FTCA "recognizes and **assimilates into federal law the rules of substantive law** of the several states, among which divergencies are notorious."  *Feres v. United States*, 340 U.S. 135, 142 (1950) (emphasis added).  The statute "requires the presiding court to apply **the whole law** of the place..."  *Richards v. United States,* 369 U.S. 1, 11 (1962) (emphasis added).  The Court looks to "**whatever**" law state courts would apply to a private defendant.  *Caban v. United States*, 728 F.2d 68, 72 (2d Cir. 1984) (emphasis added).

The motion puts the cart before the horse for four reasons.

<u>First</u>, federal question jurisprudence does not apply.  Jurisdiction is not based 28 U.S.C. § 1331 (federal question) but on 28 U.S.C. § 1346(b)(1) (FTCA).

The Third Circuit has explained:

> We start by observing that the District Court's jurisdiction—if it exists—would *not* come from the general grant of federal-question jurisdiction of 28 U.S.C. § 1331.  Instead, the FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government that meet various criteria…

*CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008), as amended (Sept. 29, 2008) (emphasis in original).

4

<u>Second</u>, because the FTCA directs the Court to apply all of Michigan substantive law, the published law from sister courts in this Circuit is that FTCA cases are governed in the same manner as diversity cases – state substantive law and federal procedural law apply:

> Under the doctrine of *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts apply state substantive law and federal procedural law when adjudicating claims based on diversity jurisdiction.  Federal court jurisdiction in FTCA claims exists by virtue of the FTCA itself, rather than the parties' diversity.  *See* 28 U.S.C. § 1346(b)(1). **Because the FTCA directs federal courts to determine the United States' liability according to state substantive law, however, courts must make the same distinction between procedural and substantive law to determine what law governs.**

*Williams v. United States*, 754 F. Supp. 2d 942, 948–49 (W.D. Tenn. 2010).

The Northern District of Ohio has stated it succinctly:

> Though the Court has federal question jurisdiction over this case, it must apply state substantive law, **placing the Court in the same position as courts sitting in diversity and applying state substantive and federal procedural law** as required by *Hanna v. Plumer,* 380 U.S. 460 (1965).

*Larca v. United States*, 302 F.R.D. 148, 155 (N.D. Ohio 2014).

*Williams* and *Larca* were FTCA/medical malpractice cases – the same claims presented here.  The Western District of Michigan has also so held.  In a FTCA case:

> Applying *Erie,* federal procedure in this instance lacks any provisions with respect to privileges, therefore the Court is directed to apply the state law of privileges.

*Schuler v. United States*, 113 F.R.D. 518, 520 (W.D. Mich. 1986).

And again, in the Northern District of Ohio:

> Under the Federal Tort Claims Act, the controlling law is that of the place where the acts giving rise to the cause of action occurred.  Thus, in the instant action Ohio law is controlling.

*Huzjak v. United States*, 118 F.R.D. 61, 63 (N.D. Ohio 1987) (citations omitted).

The Sixth Circuit applies diversity rules to FTCA/medical malpractice cases.

*Huddleston v. United States*, 485 F. App'x 744 (6th Cir. 2012) (Tennessee statute controlled when it conflicted with the FTCA); *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019) (federal procedural rule controlled); see concurrence in *Brusch v. United States*, 823 F. App'x 409, 412 (6th Cir. 2020) ("In *Gallivan*, we used a diversity-jurisdiction framework to determine whether that Ohio procedural rule should apply in a federal forum.")

If Michigan's peer review statue is substantive, it applies.

6

> For some time now, it has been clear that a substantive law is one that gives rise to "state-created rights and obligations" or is otherwise "bound up with these rights and obligations in such a way that its application in the federal court is required."

*Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008), citing *Byrd v. Blue Ridge Rural Elec. Co-op.,* 356 U.S. 525, 535 (1958).

The Second Circuit has stated that "state rules on privilege are substantive" because they impact "private conduct before the litigation arises." *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 555, n. 2 (2d Cir. 1967).  *Accord: Samuelson v. Susen*, 576 F.2d 546, 550 (3d Cir. 1978) (noting Congress' intent that state privilege law be considered substantive); *Lind v. Canada Dry Corp.*, 283 F. Supp. 861, 865 (D. Minn. 1968) ("Our view that state rules on privilege are substantive for *Erie* purposes is not only supported by reason but also by the weight of authority.") (citations omitted).

The Michigan peer review privilege "impacts private conduct before the litigation arises."  M.C.L. § 333.21513(d) requires hospitals to create committees "for the purpose of reducing morbidity and mortality and improving the care provided in the hospital for patients."  The right conferred is that participants who express candor are shielded from discovery.  It protects:

> The records, data, and knowledge collected for or by individuals or committees assigned a review function

7

> described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena.

M.C.L. § 333.21515; see also MCL § 333.20175(8).

The statutes "fully protect quality assurance/peer review records from discovery." *Krusac v. Covenant Med. Ctr., Inc.*, 497 Mich. 251, 257 (2015) (citations omitted).

<u>Third</u>, the cases cited by Plaintiffs do not address a FTCA claim or were not well-reasoned. The cases that involve a FTCA claim are flawed in two fundamental ways. First, the cases assume (wrongly) that state privilege laws are procedural. *Menses*, 942 F. Supp. at 1324 (Congress ensured claims "would be decided only according to federal **procedural** law. Any argument for applying state privilege law is eliminated.") *Syposs* relied on "employment discrimination and antitrust cases," 179 F.R.D. at 410-11, but those cases involved federal substantive causes of action – not state law/FTCA claims. Because the FTCA "does not create federal substantive causes of action," *Sumner v. United States*, 794 F. Supp. 1358, 1364 (M.D. Tenn. 1992), there is no compelling federal interest implicated. Indeed:

> A strong policy of comity between state and federal sovereignties impels federal courts to

> recognize state privileges where this can be
> accomplished at no substantial cost to federal
> substantive and procedural policy.

*Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981)
(citation omitted).

A court in the same district as the *Syposs* court did not follow it and

deconstructed it in a well-reasoned opinion.  In that case, *Woodworth v. United*

*States*, 287 F. Supp. 3d 345 (W.D.N.Y. 2017), a FTCA/medical malpractice claim

was involved.   Because New York's peer review statute was substantive, its

invocation was "not merely permitted, but required."  *Id*. at 349.  The purpose

was to encourage candor, such interests "are as substantial as any that can be

imagined," discovery "would result in terminating such deliberations," and the

harm is to require plaintiffs to do what every other litigant is required to do –

"adduce proof independent of what occurred in the peer review process."  *Id*.

at 350.

The United States is to be treated as if it were a private party.  "Since the

United States has only waived sovereign immunity to the extent it is treated as a

private party … the courts may not deprive it of a benefit to which a similarly

situated private party would be entitled."  *Brashear v. United States*, 847 F. Supp.

2d 41, 46–47 (D.D.C. 2012).  As stated by the *Woodworth* court: "…New York's

peer review privilege is a rule of substantive law, and the failure to apply that privilege would cause defendants to be treated differently than private parties in a state court action." *Id*. at 352.  So here too.

Fourth, the approach of district courts in this Circuit is not unique.  State privilege law applies where no federal cause of action has been presented (like here).  E.g., *Ellis v. United States*, 922 F. Supp. 539, 540 (D. Utah 1996) (FTCA case:  "This case is not a federal question case, but is to be decided on Utah law.  Therefore, Utah law determines the applicable clergy privilege."); *Oslund v. United States,* 128 F.R.D. 110 (D. Minn. 1989) (In a FTCA case, the Minnesota physician/patient privilege applied); *MacDonald v. United States*, 767 F. Supp. 1295, 1298, n. 3 (M.D. Pa. 1991) (FTCA case:  "….Federal Rule of Evidence 501 requires federal courts to determine issues of privilege in accordance with the law of the state that supplies the rule of decision."); *Johns v. United States*, 1997 WL 695608 at *2 (E.D. La. Nov. 6, 1997) (FTCA case:  "Louisiana's medical malpractice law will provide the rule of decision in this case.  Since this case is governed by state substantive law, the Court turns to Louisiana privilege law to determine the existence and scope of Mr. Johns' doctor-patient privilege…")

This framework, which applies diversity rules, does so because Congress has directed it to be so.

10

> It is true that [under the FTCA] state law does not apply of its own force in federal courts and applies by virtue of congressional directive instead.  However, in these cases state law does far more than fill mere 'interstices or gaps,' and there is more room to suppose that state privilege law applies and less reason to apply federal privilege law.

2 Mueller, Kirkpatrick, Federal Evidence § 5:4 (4th ed.)

"Indeed, if only a state-law claim had been asserted in federal court, the second sentence in Rule 501 [state law provides the rule of the decision] would have extended the privilege to that proceeding." *Jaffee v. Redmond*, 518 U.S. 1, 17, n. 15 (1996).  Such is the case: "The FTCA provides a limited sovereign immunity waiver and subject matter jurisdiction for plaintiffs to pursue **state law tort claims** against the United States."  *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) (emphasis added).

The Court was correct in its ruling on this issue.   State privilege law applies.

3. **The federal common law self-critical analysis privilege applies.**

To eliminate any doubt that the documents are privileged, this Court should recognize and apply the federal common law self-critical analysis

11

privilege.[1]

The self-critical analysis privilege applies where:

> [T]he information must result from self-critical analysis undertaken by the party seeking protection; the public must have a strong interest in preserving the free flow of the type of information sought; the information must be of the type whose flow would be curtailed if discovery were allowed[;]… [and] [the document must have been] prepared with the expectation that it would be kept confidential.

*Hickman v Whirlpool Corp.*, 186 F.R.D. 362-63 (N.D. Ohio 1999) (citation omitted).

It is, in essence, the peer review privilege.  ("The material sought… is protected by the self-critical analysis privilege, perhaps more properly called the medical peer review privilege, and is not subject to discovery…")  *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1348 (D.N.M. 1998).

The Sixth Circuit applied it in a case involving a fatal mining accident.  The defendant was not compelled to produce an investigative report:

> The practice of uninhibited self-critical analysis, which benefits both the union's and employer's substantial interest in increased worker safety and accident prevention, would undoubtedly be chilled by disclosure.

---

[1] Plaintiffs may reply that the privilege log did not assert an objection under federal law. Defendant did not include it because the Court had ruled a month earlier that Michigan privilege law applied (and Plaintiffs agreed).

*ASARCO, Inc., Tennessee Mines Div. v. N.L.R.B.*, 805 F.2d 194, 200 (6th Cir. 1986).

The privilege is regularly applied to morbidity and mortality conferences –

a peer review function:

> Given the overwhelming public interest in providing physicians with a confidential context in which to evaluate the effectiveness of life-saving techniques and procedures, the Court is compelled to recognize the self-critical analysis privilege in the context of morbidity and mortality conferences and will apply it in this case. Clearly the public good—saving lives and correcting life threatening errors by physicians resulting from preserving the confidentiality of morbidity and mortality conferences—outweighs the general preference for open discovery.

*Veith v. Portage Cnty., Ohio*, 2012 WL 4850197 at *4 (N.D. Ohio Oct. 11, 2012), citing *Weekoty*, 30 F. Supp. at 1348 (citations and quotations omitted).

Many federal courts have adopted the privilege:[2]

> Confidentiality is essential to effective functioning of these staff meetings; and these meetings are essential to the continued improvement in the care and treatment of patients.  Candid and conscientious evaluation of clinical practices is a sine qua non of adequate hospital care.  To subject these discussions and deliberations to the discovery process, without a showing of exceptional necessity,   would   result   in   terminating   such

---

[2] Three factors determine if a privilege is recognized: (1) if it serves private and public interests, (2) the evidentiary benefit resulting from denial of the privilege, and (3) recognition among the states.  *Jaffee*, 518 U.S. at 10-12.

deliberations.   Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit….

The value of these discussions and reviews in the education of the doctors who participate, and the medical students who sit in, is undeniable.  This value would be destroyed if the meetings and the names of those participating were to be opened to the discovery process.

*Sevilla v U.S.*, 852 F. Supp 2d 1057, 1060 (N.D. Ill. 2012).

Every state in the country has adopted the privilege in some form:

The legislatures in every state in the Nation have concluded that without a peer review privilege, physicians will be discouraged from participating in the full and frank expression of opinion that is essential if peer review is to fulfill its vital role in advancing the quality of medical care.

*Id*.

Protecting the process is "indisputably a national interest of overarching significance."

Recognizing a peer review privilege furthers the national interest in the protection of the health of the citizenry without compromising any competing and clashing interest… Not recognizing the privilege would inhibit the candor that is essential to effective peer review, and thus frustrate the achievement of what is indisputably a national interest of overarching significance.

*Id*. at 1062.

14

In contrast, little (if any) harm is imposed on Plaintiffs.  The Seventh Circuit has stated:

> To recognize hospital review or disciplinary proceedings as privileged in the context of a malpractice action will generally have little impact upon the plaintiff's ability to prove a meritorious claim. For the crucial issue in that type of case is not what occurred at the review proceeding, but whether the defendant was in fact negligent in his care and treatment of the plaintiff.

*Shadur*, 664 F.2d at 1062 (7th Cir. 1981).

Magistrate Judge Virginia Morgan has twice held:  "Federal law provides the rule of decision in the EMTALA [federal] claim but not the malpractice claims."  *Moses v. Providence Hosp. & Med. Centers, Inc.*, 2007 WL 1806376 at *2 (E.D. Mich. June 22, 2007); *Stringfellow v. Oakwood Hosp. & Med. Ctr.*, 2005 WL 8154517 at *4 (E.D. Mich. Oct. 21, 2005) (Courts should "observe that the Michigan legislature had barred disclosure of the peer review documents in discovery and should use that as a guide.")[3]

The privilege is widely applied:

---

[3] Congress recognized its importance when it passed the Patient Safety Quality Improvement Act of 2005 ("PSQIA"), 42 U.S.C. § 299b–21, *et seq*.  The law precludes disclosure of information gathered for "patient safety organizations," but the privilege extends to bodies that "clearly perform the same functions Congress intended the PSQIA to encourage."  *KD* ex *rel. Dieffenbach v. United States,* 715 F. Supp. 2d 587, 595-96 (D. Del. 2010).

**Western District of Michigan**:   Recognizing the privilege: "If medical malpractice suitors are permitted access to institutionally self-critical analysis, then the self-critical analysis and attendant improvements of medical services will stop." *Hadix v. Caruso* 2006 WL 2925270 at *2 (W.D. Mich. Oct. 6, 2006).

**Western District of Tennessee**: "Accordingly, the court finds that all three of the *Jaffee* factors weigh in favor of recognizing the privilege here, particularly where there are no federal claims asserted against Dr. Uchendu." *Miller v. Uchendu*, 2016 WL 11784214 at *5 (W.D. Tenn. Mar. 21, 2016).

**District of Rhode Island**: The privilege applied when "the essence of [the] case" was grounded in medical malpractice. *Bennett v. Kent Cnty. Mem'l Hosp.*, 623 F. Supp. 2d 246, 254 (D.R.I. 2009).

**District of Massachusetts**:   "[R]ecognition of a medical peer review privilege would promote important federal interests in ensuring patient safety…" *Tep v. Southcoast Hosps. Grp., Inc.*, 2014 WL 6873137 at *5 (D. Mass. Dec. 4, 2014).

**District of Columbia***:* The value of the peer review process "would be destroyed if the meetings and the names of those participating were to be opened to the discovery process." *Bredice v. Doctors Hospital*, 50 F.R.D. 249-50 (D.D.C. 1970); affirmed by *Mewborn v. Heckler*, 101 F.R.D. 691 (D.D.C. 1984).

**District of New Hampshire**:   "The *Mewborn-Bredice* line of cases illustrate that the federal law now recognizes a privilege protecting hospital peer review records from disclosure during discovery." *Whitman by Whitman v. United States*, 108 F.R.D. 5, 7 (D.N.H. 1985).

**Northern District of Indiana**: "This privilege is very important and unbridled discovery of the communications to, records of and determinations of the peer review committee should never be permitted." *Doe v. St. Joseph's Hosp. of Ft. Wayne*, 113 F.R.D. 677, 680 (N.D. Ind. 1987).

**Southern District of New York**:   "[T]he Court finds that recognizing a medical peer review privilege in a FTCA action for dental malpractice would advance Congress' goal of promoting peer review to improve quality of care." *Francis v. United States*, 2011 WL 2224509 at *6 (S.D.N.Y. May 31, 2011).

16

**District of Connecticut**:  Because the FTCA incorporates – rather than supplants – state malpractice law, "it is not surprising that multiple courts have recognized state peer review privileges under federal law when presented with… FTCA claims in addition to state law negligence claims."  *Grenier v. Stamford Hosp. Stamford Health Sys., Inc.*, 2016 WL 3951045 at *3 (D. Conn. July 20, 2016).

**District of Maryland**:  "In this case, the purpose of the Maryland medical review committee statute of improving the quality of health care would be thwarted if confidentiality of the proceedings were not protected."  *Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A.*, 162 F.R.D. 94, 102 (D. Md. 1995).

The cases cited above are well-reasoned.  Betty Chu, M.D. is the Senior Vice President, Associate Chief Clinical Officer/Chief Quality Officer of Henry Ford Health.  She is responsible for quality and safety initiatives across the health system.  Affidavit – Exhibit C, ¶1.  She has testified:

- Confidentiality is essential to the effective functioning of the peer review process.  ¶3.

- Disclosure in litigation of the findings, deliberations, facts, and conclusions would hinder candor.  Confidentiality allows the health system to develop a culture of improvement.  ¶4.

- Without the privilege, physicians would be discouraged from providing a complete expression of opinions.  The privilege is essential.  ¶5.

- Physicians involved in the peer review process rely upon the promise of confidentiality.  ¶6.

The privilege undeniably protects a vital public interest by safeguarding a process that improves medical care.  Confidentiality is expected and ensures candidness.  Plaintiffs can obtain discovery as would any litigant in state court. The recognition of this important privilege could not be stronger – all 50 states and Congress have adopted some version of it.

The Court should follow the lead of its sister courts and adopt the privilege as a matter of federal common law.

## CONCLUSION

Plaintiffs argue that the FTCA was designed for the "application of uniform laws."  Page ID. 951.  Not so:  The FTCA "recognizes and assimilates into federal law the rules of substantive law of the several states, **among which divergencies are notorious**."  *Feres*, 340 U.S. at 142. (emphasis added).  Among those substantive laws is Michigan's peer review privilege.  The federal self-critical analysis privilege also applies.

The motion should be denied.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK –*

*SIGNATURE ON NEXT PAGE]*

18

GIARMARCO, MULLINS & HORTON, PC

BY:  /s/ LeRoy H. Wulfmeier, III
      LeROY H. WULFMEIER, III (P22583)
      JOHN R. FLEMING (P79498)
     Attorneys for Defs. W.A. Foote Memorial
     Hospital a/k/a Henry Ford Allegiance
     Health and Ronald Nichols, M.D.
     101 W. Big Beaver Rd., Tenth Floor
     Troy, MI 48084
     (248) 457-7000

DATED:   February 8, 2023

## CERTIFICATE OF ELECTRONIC SERVICE

LeROY H. WULFMEIER, III, states that on February 8, 2023, he did serve

a copy of Defendants W.A. Foote Memorial Hospital, d/b/a Henry Ford

Allegiance Health's Response Regarding Motion to Compel, via electronic

transmission using the Court's CM/ECF.

 /s/ LeRoy H. Wulfmeier, III
LeRoy H. Wulfmeier, III (P22583)
lwulfmeier@gmhlaw.com

19