UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

L.A., a legally incapacitated Minor, by
and through his Conservator
LINDA BOBRIN-PLOTKIN,                          Hon. Robert H. Cleland
KIERSTEN RESSER, individually,                 Mag. Judge David R. Grand
JEREMY ARMSTRONG, Individually,

    Plaintiffs,

     v.                                         Civil No. 21-12050

UNITED STATES OF AMERICA, and
W.A. FOOTE MEMORIAL HOSPITAL
a/k/a HENRY FORD ALLEGIANCE
HEALTH and CHARLES EDWARD
ROLLISON, D.O., and RONALD
NICHOLS, M.D., and ALMA GARLO,
M.D.

    Defendants.

---

## Brief for the United States in Response to Plaintiffs' Motion to Compel Production of Peer Review Materials (ECF No. 53)

# **TABLE OF CONTENTS**

ANALYSIS ........................................................................................................... 1
CONCLUSION .................................................................................................... 3
CERTIFICATION OF SERVICE ......................................................................... 4

## ANALYSIS

Plaintiffs move to compel production of material associated with a peer review conducted by Defendant Henry Ford Allegiance. (ECF No. 53.)

In the motion, Plaintiffs acknowledge that under Rule 501 of the Federal Rules of Evidence, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." However, Plaintiffs assert that federal common law governs claims of privilege in this case because federal law (the Federal Tort Claims Act) provides the rule of decision. (*Id.* at PageID.943.)

Plaintiffs then contend that federal common law does not recognize peer review privilege. (*Id.* at PageID.952–953.) Courts addressing that issue have reached different outcomes, with some courts holding that peer review privilege does apply in medical malpractice actions. *See Weekoty v. United States*, 30 F.Supp.2d 1343, 1347–48 (D.N.M. 1999) (recognizing peer review privilege with respect to morbidity and mortality conferences); *KD ex rel. Dieffenbach v. United States*, 715 F.Supp.2d 587, 592 (D. Del 2010) (recognizing peer review privilege relating to the NIH IRB and Data Safety Monitoring Board (DSMB) review process); *Francis v. United States*, No. 09 CIV. 4004 GBD KNF, 2011 WL 2224509, at *5 (S.D.N.Y. May 31, 2011) (recognizing peer review privilege in medical and dental malpractice actions); *Sevilla v. United States*, 852 F. Supp. 2d

1

1057, 1068–69 (N.D. Ill. 2012) (recognizing peer review privilege for medical malpractice actions).

However, the Court does not need to decide this question because Michigan law inarguably supplies the rule of decision for the claims against the defendants who are asserting peer review privilege in this case. (Amended Complaint, Counts II and III, ECF No.32, PageID.300–310.) Those claims are not governed by the FTCA, are in federal court only by virtue of supplemental jurisdiction, and would be left to proceed in state court if the United States were dismissed from the case. *See Andrews v. Hurley Bd. of Hosp. Managers for City of Flint*, No. 21-10156, 2021 WL 5176801, at *1 (E.D. Mich. Feb. 19, 2021) (remanding state-law claims against private defendants because "the dismissal of the United States has eliminated the basis for this court's jurisdiction under the [Federally Supported Health Centers Assistance Act] and the FTCA"). In this regard, when the parties considered how to consolidate this case with the earlier-filed *Reeser I*, it was contemplated that if the United States was dismissed the claims against the remaining defendants would have to proceed in state court. (*See* ECF No. 25; ECF No. 26.)

Plaintiffs cite caselaw for the proposition that federal common law controls even in cases with pendent state law claims. (ECF No. 53, PageID.945–947.) However, none of these cases presented the precise question raised in the present

case: what law to apply when a defendant that is subject to only state-law claims asserts a claim of privilege. Under the plain language of Rule 501, state law governs the assertion of privilege by Defendants Henry Ford and Dr. Nichols because only Michigan law provides the rule of decision for the claims against them.

## CONCLUSION

For these reasons, the Court should not reach the question of whether federal common law recognizes peer review privilege, and the United States preserves its right to assert that privilege in future cases.

                                                Respectfully Submitted,

                                                **Dawn N. Ison**
                                                United States Attorney

                                                _/s/ Christopher J. Doyle_
                                                **Zak Toomey** (MO 61618)
                                                **Christopher J. Doyle** (P79376)
                                                Attorneys for Defendant United States
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9595

Dated: February 8, 2023

## CERTIFICATION OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which resulted in service on counsel of record.

                                                  */s/ Christopher J. Doyle*
                                                  **Christopher J. Doyle** (P79376)
                                                  Assistant United States Attorney
                                                  211 W. Fort Street, Suite 2001
                                                  Detroit, Michigan 48226
                                                  (313) 226-9506
                                                  christopher.doyle@usdoj.gov