UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **L.A.,** a legally incapacitated minor, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>Defendants. | 2:21-CV-12050-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFFS' PETITION TO APPROVE SETTLEMENT WITH DEFENDANT UNITED STATES OF AMERICA (ECF NO. 129)** |

This is a medical malpractice birth injury action arising from injuries allegedly incurred by minor-Plaintiff L.A. during the labor and delivery process. Plaintiffs, L.A., a legally incapacitated Minor, by and through his Conservator, Linda Bobrin-Plotkin, and Kiersten Reeser (L.A.'s mother), individually, and Jeremy Armstrong (L.A.'s father), individually, brought this lawsuit against Defendants United States of America, W.A. Foote Memorial Hospital a/k/a Henry Ford Allegiance Health, Charles Edward Rollison, D.O., Ronald Nichols, M.D., and Alma Garlo, M.D., alleging that the Defendants negligently managed Plaintiff Kiersten Reeser's labor and caused minor-Plaintiff L.A. to suffer a brain injury at birth. The Court previously approved the Plaintiffs' settlement with Defendants W.A. Foote Memorial Hospital a/k/a Henry Ford Allegience Health, and Ronald Nichols, M.D. only. ECF Nos. 116, 127.

1

Now before the Court is Plaintiffs' Petition to Approve Settlement with Defendant United States of America. ECF No. 129. Prior to the hearing, Plaintiffs submitted to the Court a copy of the parties' Stipulation for Compromise Settlement and Release on Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Compromise Settlement and Release Agreement") and a copy of the Settlement and Disbursement term sheet. On July 28, 2025, the Court held a hearing on Plaintiffs' Petition, at which counsel for Plaintiffs, Plaintiffs, and the United States appeared. Plaintiffs subsequently filed a copy of the Compromise Settlement and Release Agreement and the Settlement and Disbursement term sheet under seal, as ordered by the Court. ECF No. 131.

The Court reviewed the settlement as set forth in the parties' Compromise Settlement Agreement and Release and in Plaintiffs' Petition to Approve Settlement, and reviewed the Settlement and Disbursement term sheet, as amended by the parties at the hearing. After taking argument by counsel for both parties and testimony from Plaintiff Kiersten Reeser and Conservator Linda Bobrin-Plotkin, and reviewing the relevant documents, the Court finds that the proposed settlement is in the best interest of the minor-Plaintiff, L.A. For the reasons stated on the record and in this Order, the Court **GRANTS** Plaintiffs' Petition and **APPROVES** the settlement.

## I. BACKGROUND

On September 2, 2021, Plaintiffs, L.A., a legally incapacitated Minor, by and through his Conservator, Linda Bobrin-Plotkin, and Kiersten Reeser, individually, and Jeremy Armstrong, individually, brought this lawsuit against Defendants United States of America, W.A. Foote Memorial Hospital a/k/a Henry Ford Allegiance Health, Charles Edward Rollison, D.O., Ronald Nichols, M.D., and Alma Garlo, M.D., alleging that the Defendants negligently managed Plaintiff Kiersten Reeser's labor and caused minor-Plaintiff L.A. to suffer a brain injury at birth. ECF No. 1. Plaintiffs asserted seven claims against Defendants: (1) Count I – Medical Negligence against Defendant USA, through its agent healthcare providers, obstetricians Dr. Joanne Kingsley and Dr. Monica Hill; (2) Count II – Medical Negligence against Defendant Hospital; (3) Count III – Medical Negligence against Defendant Nichols; (4) Count IV – Medical Negligence against Defendant Rollison; (5) Count V – Medical Negligence Against Defendant Garlo; (6) Count VI – Negligent Selection, Retention, Training and Supervision against Defendant Hospital; and (7) Count VII – Negligent Selection, Retention, Training and Supervision against Defendant USA

Plaintiffs filed an Amended Complaint on June 22, 2022 against the same Defendants but asserting only Counts I through VI referenced above, and omitting the negligent selection, retention, training and supervision claim in Count VII against Defendant USA. ECF No. 32.

3

Plaintiffs' claims against Defendant Garlo were voluntarily dismissed without prejudice on June 20, 2023, ECF No. 73, and Plaintiffs' claims against Defendant Rollison were voluntarily dismissed without prejudice on September 6, 2023. ECF No. 76. And on November 14, 2024, the Court approved a partial confidential settlement between Plaintiffs and Defendants W.A. Foote Memorial Hospital a/k/a Henry Ford Allegience Health and Ronald Nichols, M.D. ECF No. 116. Accordingly, the only remaining Defendant in this action is the United States of America (which has been substituted for the two deemed-federal obstetricians, Dr. Joanne Kingsley and Dr. Monica Hill).

On July 23, 2025, Plaintiffs filed the instant Petition to Approve Settlement With Defendant United States of America. ECF No. 129. Plaintiffs assert that they believe the settlement is fair and reasonable and in the best interests of minor-Plaintiff L.A.. *Id.* ¶¶ 6–7, PageID.8105. The settlement reimburses Plaintiffs' counsel for costs expended in the litigation, pays a 25% attorney fee award, and funds "A Discretionary Irrevocable Disability Trust Created to Comply with 42 U.S.C. § 1369p(d)(4)(A)." *Id.* ¶¶ 12–13, PageID.8106–07.

## II.  STANDARD OF REVIEW

A district court's approval or rejection of a settlement involving a minor is reviewed for abuse of discretion. *See Therma–Scan, Inc. v. Thermoscan, Inc.* 217 F.3d 414, 418–19 (6th Cir. 2000). When minors are involved, the district court must make an independent determination

4

that the settlement is in the minor's best interest. *See Green v. Nevers,* 111 F.3d 1295, 1301 (6th Cir. 1997) (discussing, with approval, *Crawford v. Loving,* 84 F.R.D. 80, 87 (E.D. Va. 1979)); *see also, Dean v. Holiday Inns, Inc.,* 860 F.2d 670, 673 (6th Cir. 1988) (noting "the general rule [ ] that settlement of a minor's claim or agreements or waivers affecting a minor's rights or interests are always subject to approval or amendment by the court with jurisdiction to pass on such agreements or actions.") (citations omitted). The Court has inherent authority to "safeguard interests of persons entitled to the court's special protection," such as minor children. *Green,* 111 F.3d at 1301.

Accordingly, the Court must determine whether the proposed settlement and monetary distributions are in the minor-plaintiff's best interest. The Court may grant leave to settle a minor's claim where the proposed settlement is "fair, reasonable, and adequate, [] comparing the terms of the compromise with the likely rewards of litigation." *See Neilson v. Colgate-Palmolive Co.,* 199 F.3d 642, 654 (2d Cir. 1999).

> Although *Green* does not specify what factors should be considered, other courts have considered the Sixth Circuit's class action fairness factors in this context. *See* [*Hargrove v. Jefferson Cnty. Bd. of Educ.,* No. 3:16-CV-806-DJH-RSE, 2022 WL 188190, at *5 (W.D. Ky. Jan. 20, 2022)] ("In the class-action context, for instance, courts routinely assess whether proposed settlements that will resolve the legal claims of absent class members are 'fair, reasonable, and adequate.'") (citing *Does 1–2 v. Dèjà Vu Servs., Inc.,* 925 F.3d 886, 894 (6th Cir. 2019)). Those factors include:

5

> (1) the "risk of fraud or collusion"; (2) the "complexity, expense and likely duration of the litigation"; (3) the "amount of discovery engaged in by the parties"; (4) the "likelihood of success on the merits"; (5) the "opinions of class counsel and class representatives"; (6) the "reaction of absent class members"; and (7) the "public interest."

*Johnson v. Laurel Cnty., Ky.*, No. 6:20-CV-134-CHB-HAI, 2023 WL 3075050, at *2 (E.D. Ky. Apr. 25, 2023); *Dean*, 860 F.2d at 673 (explaining that the court "must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise.").

### III. ANALYSIS

During the July 28, 2025 fairness hearing, the Court questioned counsel for both sides and the Conservator of the Estate of L.A. regarding the relevant fairness factors discussed above. For all the reasons stated by the Court on the record at the hearing, the Court finds that the Compromise Settlement and Release Agreement between Plaintiffs and the United States is in the minor-Plaintiff L.A.'s best interest. There is no evidence that the Agreement was the product of fraud or collusion. Rather, the parties represent that the Agreement was reached only after full discovery and significant motion practice was completed and as a result of significant and hard-fought and protracted arms-length negotiations involving experienced counsel acting in the best interests of their clients. This medically-complex case has been pending since 2021

6

and has involved substantial discovery exchanged by all of the parties, including the retention of numerous experts by all parties, followed by complete briefing on a motion for summary judgment and multiple *Daubert* motions. Further, although Plaintiffs remain convinced of the merits of their claims against the United States, and the United States remains convinced in the strength of its defenses, the parties recognize the substantial risk that comes along with continued litigation and that the likelihood of success on their claims or defenses is uncertain, especially in a case as complex as this one, which further suggests that the settlement is fair and appropriate.

In addition, Plaintiff Kiersten Reeser and L.A.'s conservator, Linda Bobrin-Plotkin, both appeared at the hearing and testified that they believe the settlement is fair and in the best interest of minor-Plaintiff L.A. Ms. Bobrin-Plotkin testified that this settlement, in conjunction with the settlement reached with the co-defendants, will provide more than sufficient needed and necessary care and resources for L.A. now and in the future, and she recommends that the Court accept the Settlement and funds distribution as in the best interest of L.A. The parties confirmed that the Settlement Funds from this Agreement will go only to L.A., and not to his parents, Kiersten and Jeremy Reeser. The Compromise Settlement and Release Agreement further promotes the strong public interest in encouraging settlements of disputes, conserving judicial resources, and providing certainty to the parties.. And finally, the

Court finds that the costs requested and the 25% contingency fee award, 28 U.S.C. § 2678, appear reasonable given the Plaintiffs' attorneys' skill and experience and given the length and complexity of this medical malpractice action against multiple defendants, the substantial work involved to reach this settlement, and given that Plaintiffs' counsel took this case on a contingency assuming the risks of non-recovery involved in such complex litigation.

For all of these reasons, the Court finds that the parties' Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 is fair and reasonable and in the minor-Plaintiff's best interest.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Petition to Approve Settlement with Defendant United States of America, ECF No. 129, is **GRANTED**, and the parties' proposed settlement is **APPROVED,** with the distribution as follows:

1. Plaintiffs' counsel, Beam Legal Team, LLC and Fieger, Fieger, Kenney & Harrington, P.C. shall be reimbursed for costs expended in the litigation of this lawsuit, in the amount set forth in the parties' Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677;

2. Plaintiffs' counsel, Beam Legal Team, LLC and Fieger, Fieger, Kenney & Harrington, P.C., shall receive a 25% fee award payable as

shown in the parties' Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677;

3. The net amount of monies as set forth in the parties' Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 shall be paid into minor-Plaintiff L.A.'s "A Discretionary Irrevocable Disability Trust Created to Comply with 42 U.S.C. § 1396p(d)(4)(A);" and

4. A reserved amount for future costs will be held in escrow for 90 days for payment of any outstanding costs, including but not limited to outstanding costs not yet billed, the balance reduced by a 25% attorney's fee, and the balance refunded to minor-Plaintiff L.A.'s "A Discretionary Irrevocable Disability Trust Created to Comply with 42 U.S.C. § 1396p(d)(4)(A)" once the 90 days have expired.

The Court **FURTHER ORDERS** that Linda G. Bobrin-Plotkin, as Conservator of the Estate of L.A., a legally incapacitated minor, is authorized to:

1. deposit L.A.'s monies in "A Discretionary Irrevocable Disability Trust Created to Comply with 42 U.S.C. § 1396p(d)(4)(A)," pending probate approval; and

9

2. execute a Release and Settlement Agreement.

**IT IS SO ORDERED.**

Dated: August 4, 2025　　　　/s/Terrence G. Berg
　　　　　　　　　　　　　　HON. TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE